[No. H008504. Sixth Dist. Aug. 11, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL BELLOMO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2, 3 and 4.

**COUNSEL**

Lori Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E.

Niver and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### CAPACCIOLI, Acting P. J.—

#### 1. *Introduction*

On October 18, 1989, about 2 p.m., a car co-owned by defendant Samuel Bellomo and his brother Daniel Bellomo ran into two parked cars, pushing one into a third, on a major Santa Clara street. Daniel, in the right front passenger seat, suffered cuts and a bump when his forehead hit and cracked the windshield. Defendant was also in the front seat. After the collision he appeared to be under the influence of a drug.

One of the main issues at trial was whether defendant or a third man was the driver. Defendant was convicted after jury trial of negligently causing bodily injury while driving under the influence of a drug (count four; Veh. Code, § 23153, subd. (a)), driving under the influence of a drug (count 1; Veh. Code, § 23152, subd. (a)), driving with a revoked license (count 2; Veh. Code, § 14601.2, subd. (a)), and leaving the scene of an auto accident involving property damage without leaving behind identifying information (count 3; Veh. Code, § 20002, subd. (a)). In the jury's absence, defendant admitted four prior convictions of violating Vehicle Code section 23152, subdivision (a). The prosecution dismissed a fifth count, leaving the scene of an accident involving bodily injury without identifying himself or helping the injured person (Veh. Code, § 20001, subd. (a)), after the jury could not agree on it and the court declared a mistrial.

Defendant was sentenced to the upper term of four years' imprisonment on count 4 (Veh. Code, § 23190), three years' imprisonment on count 1 stayed pursuant to Penal Code section 654, thirty days in jail on count 2, and sixty days in jail on count 3, with credit for time served.

On appeal defendant contends the trial court erred in (1) denying his motion to call the prosecutor as a witness, (2) omitting instruction on admissions in terms of CALJIC No. 2.71, and (3) admitting into evidence his statement to the police. Facts are set forth where relevant to each of these contentions. For the reasons stated below, we will affirm the judgment.

2.-4.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5. *Should defendant's statement have been excluded for lack of appropriate police advisement?*

 Defendant contends the trial court erred in denying his *in limine* motion to exclude a statement made to Officer Shearer.

Before trial began, the court conducted an Evidence Code section 402 hearing to determine whether defendant's statement to Officer Shearer should be excluded. Shearer testified at the hearing as follows. He was the first officer on the scene on October 18, 1989. He observed a car that appeared from the damage to have struck several parked cars. The paramedic, San Miguel, told Shearer he saw defendant leaving the driver's side of the vehicle and walking across the street. Shearer, in uniform, saw defendant sitting on a curb slumped over and asked him whether he was the driver and whether he had identification. Defendant answered he was not the driver, he was just walking by. Shearer was trying to find out what happened. Defendant did not attempt to walk away. Had he done so, Shearer would have forcibly restrained him. Defendant was later taken into custody.

Defendant contends the officer should have given him *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] advisement before asking whether he was driving. "*Miranda* advisement is required prior to police interrogation 'after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' (*Miranda, supra,* 384 U.S. at p. 444 [16 L.Ed.2d at p. 706]. . . .)" (*People* v. *Lopez* (1985) 163 Cal.App.3d 602, 605 [209 Cal.Rptr. 575]; *People* v. *Celaya* (1987) 191 Cal.App.3d 665, 671 [236 Cal.Rptr. 489].) The existence of custody is determined by an objective test. (*Lopez, supra,* 163 Cal.App.3d at p. 606; *Celaya, supra,* 191 Cal.App.3d at p. 671.) "Where no formal arrest takes place, the relevant inquiry, as with Fourth Amendment claims, 'is how a reasonable man in the suspect's position would have understood his situation. [Fn. omitted.] . . .' (*Berkemer* v. *McCarty* [(1984)] 468 U.S. [420] at p. 442 [82 L.Ed.2d 317, 334, 104 S.Ct. 3138]. . . .)" (*People* v. *Boyer* (1989) 48 Cal.3d 247, 272 [256 Cal.Rptr. 96, 768 P.2d 610] [cert. den. 493 U.S. 975 (107 L.Ed.2d 500,110 S.Ct. 497)]; cf. *Lopez, supra,* 163 Cal.App.3d at p. 606; *Celaya, supra,* 191 Cal.App.3d at p. 671.)

In *Lopez, supra,* this court explained: "Case law has identified a number of objective indicia of custody for *Miranda* purposes, such as (1) whether the

*See footnote, *ante,* page 195.

suspect has been formally arrested, [fn.] (2) absent formal arrest, the length of the detention, [fn.] (3) the location, (4) the ratio of officers to suspects, (5) the demeanor of the officer, including the nature of the questioning.[4]" (163 Cal.App.3d 602, 608.) Footnote 4 elaborated: "Accusatory questioning is more likely to communicate to a reasonable person in the position of the suspect, that he is not free to leave. [Citation.] General investigatory questioning may convey a different message. [Citation.]" (*Ibid.*)

██ Defendant contends Shearer asked him accusatory questions. We fail to see how requesting a person's identification is at all accusatory. It is routine for the police to "ask the detainee a moderate number of questions to determine his identity . . . ." (*Berkemer* v. *McCarty* (1984) 468 U.S. 420, 439 [82 L.Ed.2d 317, 334, 104 S.Ct. 3138].) There is no evidence that the officer accused defendant of being the driver. Instead, he simply inquired in order to reconstruct what had happened. Such investigatory questions are completely unlike *People* v. *Herdan* (1974) 42 Cal.App.3d 300 [116 Cal.Rptr. 641], relied on by defendant, where the officer asked the suspect if he was in possession of narcotics. (*Id.* at pp. 304, 308.) They are also unlike *People* v. *White* (1968) 69 Cal.2d 751 [72 Cal.Rptr. 873, 446 P.2d 993], also relied on by defendant, where the officer told the defendant that a coat involved in a crime seemed to fit him and had his name in it. (*Id.* at p. 761.)

Defendant also contends the officer's investigation had focused on him by the time he was questioned. Unfortunately, reliance on the "focus of the investigation" as an indicator of custody has been both disapproved and approved in this court's published opinions. In *Lopez, supra,* one panel of this court disapproved *Herdan, supra,* which adopted "as a ground for determining the existence of custody either that the arresting officer had probable cause to arrest or more generally that the police investigation had focused on the suspect." (163 Cal.App.3d 602, 606.) *Berkemer, supra,* on the other hand, held that an officer's uncommunicated intent to arrest "has no bearing on the question whether a suspect was 'in custody' at a particular time." (468 U.S. 420, 442 [82 L.Ed.2d at p. 336].) *Berkemer, supra,* 468 U.S. at page 442, footnote 35 [82 L.Ed.2d at page 336], further quoted from *Beckwith* v. *United States* (1976) 425 U.S. 341, 346-347 [48 L.Ed.2d 1, 7-8, 96 S.Ct. 1612], " ' "It was the compulsive aspect of custodial interrogation, and not the strength or content of the government's suspicions at the time the questioning was conducted, which led the Court to impose the Miranda requirements with regard to custodial questioning." ' "

Later, another panel of this court in *Celaya, supra,* relied on by defendant, without purporting to overrule *Lopez,* not only quoted from *Herdan, supra,*

that one objective indicator of custody was "whether the investigation has focused on the suspect," but also employed that factor in finding custody. (191 Cal.App.3d 665, 672.) To eliminate further confusion, we disapprove of this portion of *Celaya*, noting that its conclusion was adequately supported by the objective indicia of accusatory questioning in a police interview room. (*Ibid.*)

We recognize that *Boyer, supra,* 48 Cal.3d 247, 272, approvingly paraphrased *Celaya*'s quotation of *Herdan.* However, *Boyer* also recognized that "*Miranda* is not invoked simply because questioning is conducted at a police station, even where suspicion has 'focused' on the subject." (*Ibid.*) Custody was found in *Boyer* in part because the police "*led defendant to believe* that suspicion had focused on him . . . ." (*Ibid.*, italics in original.) We perceive no inconsistency between this test in *Boyer* and *Berkemer.* As established by *Berkemer*, the focus of official investigation is irrelevant to custody unless it is somehow communicated to the defendant. Accusatory questioning is one obvious way of making manifest the investigation's focus.

Defendant overstates the case by saying that San Miguel told Shearer defendant was the driver. Shearer clearly testified that San Miguel only said he saw defendant getting out of the driver's side of the car. Also contrary to defendant's assertion, Shearer did not suspect defendant was under the influence of a drug before Shearer attempted to talk with him. In any event, there is no evidence that Shearer communicated to defendant any suspicion he might have entertained about defendant except for asking whether defendant was the driver.

Here defendant was not stopped by the police. The police had not exerted any effort to detain him. The questions about his identity and whether he was driving did not transform the accident investigation into custodial interrogation. The trial court did not err in admitting defendant's statement to Officer Shearer.

6. *Disposition*

The judgment is affirmed.

Premo, J., and Elia, J., concurred.